UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

GABRIEL ARTURO P.M..,[1]

Petitioner,

v.

WARDEN OF THE GOLDEN STATE
ANNEX DETENTION FACILITY, et al.,

Respondents.

No. 1:26-cv-05093-TLN-SCR

A# 241-078-078

**ORDER**

This matter is before the Court on Petitioner Gabriel Arturo P.M.'s ("Petitioner") Petition for Writ of Habeas Corpus ("the Petition"). (ECF No. 1.)  Respondents filed an opposition. (ECF No. 8.)  For the reasons set forth below, the Petition is GRANTED and Respondents are ordered to IMMEDIATELY RELEASE Petitioner.

///

///

///

---

[1]    The Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

1

## I.   FACTUAL BACKGROUND

This matter arises out of Petitioner's challenge to his civil immigration detention. Although Petitioner is not a U.S. citizen, he states he has resided in the United States for 28 years. (ECF No. 1 at 6.)  He writes, "my life is here [and] my family that I love the most is here."  (*Id.*)  He claims a fear of returning to his home country.  (*Id.*)

Petitioner has no criminal record, and he states he pays his taxes annually.  (ECF No. 1 at 5; ECF No. 9 at 9.)  There is no order of removal for Petitioner.

Nevertheless, on May 29, 2026, Petitioner was driving when immigration authorities conducted a traffic stop and questioned him about his citizenship.  (ECF No. 9 at 9.)  Upon learning that Petitioner was not a U.S. citizen, Petitioner was arrested.  (*Id.*)

Petitioner has now been detained for over a month and he has never been afforded a hearing as to his detention.  (ECF No. 1 at 5.)  Petitioner challenges the constitutionality of his civil detention without a hearing and seeks immediate release.[2]  (ECF No. 1.)

## II.   STANDARD OF LAW

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art I, § 9, cl. 2).  "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001).  Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

---

[2]   Petitioner also requests the opportunity to stay in the country.  (ECF No. 1 at 5.)  However, this Court does not have jurisdiction provide such relief. *See* 8 U.S.C. § 1252(g).

**III.   ANALYSIS**

Petitioner claims his detention violates the Fifth Amendment Due Process Clause.  (ECF No. 1 at 16–17.)  In opposition, Respondents contend Petitioner is subject to mandatory detention without a hearing.  (ECF No. 8.)

The Fifth Amendment Due Process Clause prohibits government deprivation of an individual's life, liberty, or property without due process of law.  U.S. Const. amend. V; *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017).  The Due Process Clause applies to all "persons" within the borders of the United States, regardless of immigration status.  *Zadvydas*, 533 U.S. at 693 ("[T]he Due Process Clause applies to all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent.").  These due process rights extend to immigration proceedings, including detention and deportation proceedings.  *Id.* at 693–94; *see Demore v. Kim*, 538 U.S. 510, 523 (2003).

Courts examine procedural due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution.  *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989); *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due.").

### A.   Liberty Interest

"Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690.  "Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty." *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025).  An individual's liberty interest may be strengthened over time. *See Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093 (E.D. Cal. 2025).

Petitioner has a clear liberty interest.  He asserts, and Respondents do not refute, that he has resided in the United States for nearly three decades.  Petitioner's family is here and he

asserts he pays his taxes annually.  "Even where the revocation of a person's freedom is authorized by statute, that person may retain a protected liberty interest under the Due Process Clause."  *Rico-Tapia v. Smith*, 806 F. Supp. 3d 1166, 1182 (D. Haw. 2025) (citing *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973); *Morrissey*, 408 U.S. at 481–82).

As this Court has done hundreds of times before, it again rejects Respondents' argument that Petitioner is an "applicant for admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(2).  Courts throughout the Ninth Circuit, including this one, have repeatedly rebuffed Respondents' position.  *See e.g.*, *Hortua v. Chestnut*, No. 1:25-CV-01670-TLN-JDP, 2025 WL 3525916, at *3 (E.D. Cal. Dec. 9, 2025); *Estrada-Samayoa v. Cruz*, No. 1:25-CV-01565-EFB, 2025 WL 3268280, at *4 (E.D. Cal. Nov. 24, 2025) (collecting cases).  "These courts examined the text, structure, agency application, and legislative history of 1225(b)(2) and concluded that it applies only to noncitizens 'seeking admission,' a category that does not include noncitizens like [Petitioner], living in the interior of the country."  *Salcedo Aceros v. Kaiser*, No. 25-CV-06924-EMC, 2025 WL 2637503, at *8 (N.D. Cal. Sept. 12, 2025) (collecting cases).  In comparison, "[t]he government's proposed interpretation of the statute (1) disregards the plain meaning of section 1225(b)(2)(A); (2) disregards the relationship between sections 1225 and 1226; (3) would render a recent amendment to section 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice."  *Lepe v. Andrews*, 801 F. Supp. 3d 1104, 1112 (E.D. Cal. 2025) (collecting cases).  Respondents put forth no new arguments or facts justifying a different conclusion in this case.

Accordingly, Petitioner has a clear interest in his continued liberty protected by the Due Process Clause.

### B.    Process Required

Having found Petitioner possesses a protected liberty interest, the Court next examines what process is necessary to ensure any deprivation of that interest accords with the Constitution. The Court considers three factors: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the

4

Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).  Due process rights in the immigration context "must account for the government's countervailing interests in immigration enforcement."  *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206 (9th Cir. 2022).

First, as explained above, Petitioner has a substantial private interest in his own liberty that is unquestionably affected by the government's actions detaining him.  Petitioner is separated from his family and his community.  Additionally, the nearly thirty years Petitioner spent at liberty in this country underscores the gravity of its loss.  *See Doe v. Becerra*, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025).

Second, the risk of erroneous deprivation of Petitioner's liberty interest is high.  Because civil immigration detention is "nonpunitive in purpose and effect," a "special justification" must outweigh Petitioner's protected liberty interest in order for detention to comport with due process.  *Zadvydas*, 533 U.S. at 690.  Where removal is not imminent under a final order of removal, "[t]he government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by [ ] bond or alternative conditions."  *Hernandez*, 872 F.3d at 994.  Here, Petitioner is not subject to any order of removal; indeed, there were no removal proceedings pending against him at the time of his detention.  Further, Petitioner has no criminal history in the United States.  Nor do Respondents contend Petitioner is a danger or a flight risk.  Without any showing of a legitimate interest to detain Petitioner, the Court finds there is a serious likelihood Petitioner was erroneously deprived of his liberty interest.  As Petitioner has received virtually no procedural safeguards such as a bond or custody determination hearing to justify his detention, the probative value of additional procedural safeguards is high.  *A.E. v. Andrews*, No. 1:25-CV-00107-KES-SKO, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025).

Third, the Government's interest in detaining Petitioner without notice and a hearing is negligible.  Although the Court recognizes the government's interest in immigration enforcement, that interest does not outweigh all procedural safeguards.  Notice and custody determination

hearings are routine processes for Respondents. Indeed, they are the very processes owed to Petitioner under 8 U.S.C. § 1226(a). Any delay in detention (if justified) for the time to provide notice and a hearing would have been minimal. Any burden associated with the provision of these processes does not outweigh Petitioner's substantial liberty interest and the risk of erroneous deprivation.

At a minimum, due process required notice and a hearing as to Petitioner's detention. Respondents have not provided any hearing either pre- or post-detention in over a month of Petitioner's custody. Therefore, Respondents violated the Fifth Amendment and Petitioner's procedural due process rights.

**IV.    CONCLUSION**

For the foregoing reasons, IT IS HEREBY ORDERED:

1. The Petititon for Writ of Habeas Corpus (ECF No. 1) is GRANTED.[3]

2. Respondents must IMMEDIATELY RELEASE Petitioner Gabriel Arturo P.M. (A# 241-078-078) from custody. At the time of release, Respondents must return all of Petitioner's documents and possessions. Respondents must file a **notice of compliance** with this provision of the Order no later than **July 10, 2026**.

3. To avoid further irreparable harm and protect the public interest, Respondents are ENJOINED from re-detaining Petitioner absent compliance with constitutional protections, including a minimum of seven-days' notice and a pre-deprivation hearing before a neutral fact-finder where: (a) Respondents show material changed circumstances demonstrate a significant likelihood of Petitioner's removal in the reasonably foreseeable future, or (b) Respondents demonstrate by clear and convincing evidence that the government's interest in protecting the public or ensuring Petitioner appears at future immigration proceedings outweighs his constitutionally protected interest in remaining free from detention. *Zadvydas*, 533

---

[3] Petitioner also seeks an award of attorney's fees and costs under the Equal Access to Justice Act. (ECF No. 1 at 17.) The Court will consider any timely filed request for fees and costs on a properly noticed and supported motion.

U.S. at 690; *Hernandez*, 872 F.3d at 990.  At any such hearing, Petitioner shall be allowed to have counsel present.

4. Petitioner's Motion to Proceed in Forma Pauperis (ECF No. 2) is GRANTED.

5. Petitioner's Motion to Appoint Counsel (ECF No. 3) and Motion for Temporary Restraining Order (ECF No. 4) are DENIED as moot.

6. The Clerk of the Court shall serve a copy of this Order on the **Golden State Annex Detention Facility**.

7. The Clerk of the Court shall enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

Date: July 8, 2026

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE

7